ALEXANDER, Appellant, v. SLOAN, and others, Respondents.

*No. 120 (1974). Submitted on briefs May 5, 1976.— Decided June 14, 1976.*
(Also reported in 242 N. W. 2d 904.)

For the appellant the cause was submitted on the brief of *Loyce Alexander,* in propria personam, of Cincinnati, Ohio.

For the respondents the cause was submitted on the brief of *Parrish & Silberman* of Milwuakee.

ROBERT W. HANSEN, J. The temptation is strong to affirm the order of the trial judge that is here challenged. It has much to recommend as an entirely appropriate resolving of the question of where this particular action is to be tried. However, there is a roadblock here to such affirmance that cannot be surmounted. That roadblock presents itself in the form of a prior and unappealed order of another circuit court judge in the same circuit denying a motion for stay of proceedings under sec. 262.19, Stats., to permit trial of the case in another state.

Ordinarily the only question to be resolved on a motion for a stay of proceedings to permit trial in a different state is whether, as a matter of substantial justice, the particular trial should be tried to another forum.[1] Such motion is to be filed with the answer or before it, and the issues are to be tried to the court in advance of the trial on the merits.[2] There is no transcript or memo-

[1] Sec. 262.19 (1), Stats., provides: "If a court of this state, on motion of any party, finds that trial of an action pending before it should as a matter of substantial justice be tried in a forum outside this state, the court may in conformity with sub. (3) enter an order to stay further proceedings on the action in this state. A moving party under this subsection must stipulate his consent to suit in the alternative forum and waive his right to rely on statutes of limitation which may have run in the alternative forum after commencement of the action in this state. A stay order may be granted although the action could not have been commenced in the alternative forum without consent of the moving party."

[2] Sec. 262.19 (2), Stats., providing in part: "The motion to stay the proceedings shall be filed prior to or with the answer unless the motion is to stay proceedings on a cause raised by counterclaim, in which instance the motion shall be filed prior to or with

randum decision in the record before us, so we cannot say if the second order, entered by the second or successor judge, was entered before or after a trial before the first judge. The record does not show any motion for a new trial nor order granting one. Counsel for the defendants argues that the order granting a stay, granted by the second judge, was made after a "rehearing."[3]

The conclusion is compelled that such "rehearing" before the second judge was as to the order entered, twenty-three months earlier, by the first judge. It is permissible for a court to review its own orders and judgments at any time within sixty days after service and notice of entry but not more than sixty days after the end of the term of entry.[4] Even within such sixty-day period, we do not see this statute as creating the right of a second judge to review an order entered by a first judge, at least not in the absence of a showing of unavailability of such first judge who entered the order sought to be reviewed. However, in the case before us, it appears that even the power of the first judge to review and reverse the order denying a stay of proceedings expired at the end of sixty days after the end of the term during which it was entered.[5]

The initial order in this case, denying a stay of proceedings for the purpose of instituting action in another state, was filed on December 21, 1971. Such filing constitutes entry of such order.[6] The term of court at which

---

the reply. The issues raised by this motion shall be tried to the court in advance of any issue going to the merits of the action and shall be joined with objections, if any, raised by demurrer or pursuant to s. 262.16. . . ."

[3] The answer in this case was filed at the time of the first motion for a stay on May 3, 1971. Therefore, the second motion was not timely unless it was a motion for reconsideration of the first order.

[4] Sec. 269.46, Stats.

[5] *Id.*

[6] Sec. 270.70, Stats.

such order was entered commenced on the first Monday in October, 1971, and ran until the first Monday in January, 1972.[7] Sixty days from the end of such term became the last day for making a motion for review under sec. 269.46 (3), Stats. The defendants did not renew a motion for a stay of proceedings until September 17, 1973. Even if addressed to the first judge who entered the first denial of motion for a stay, that was too late. Not having been appealed from, the order denying a stay of proceedings became unreviewable sixty days after the end of the term in which it was entered.

*By the Court.*—Order vacated.

---

[7] Secs. 252.06 and 252.09 (1), Stats.